# IN THE COURT OF APPEALS OF IOWA

No. 22-0589
Filed June 29, 2022

**IN THE INTEREST OF K.A.,**
**Minor Child,**

**S.S., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Scott County, Korie Talkington,

District Associate Judge.

A mother appeals the termination of her parental rights to her child.

**AFFIRMED.**

Jennifer Triner Olsen, Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant

Attorney General, for appellee State.

Kim Aboyure, Davenport, attorney and guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Tabor and Badding, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother and her child, who was born in 2019, tested positive for methamphetamine at the time of the child's birth. On their release from the hospital, both stayed with the child's paternal grandmother, subject to "a safety net" implemented by the department of human services preventing the mother from being "left as [an] independent caregiver."

The State petitioned to have the child adjudicated in need of assistance. The district court granted the petition. The court "determine[d] that placement of the child in the custody of his parents, subject to supervision by [the department], [was] the least restrictive placement."

Shortly thereafter, the mother moved in with the maternal grandmother and then to a residence owned by her parents. She actively engaged in services to address her drug use and mental-health diagnoses. But she relapsed.

The child was placed with the maternal grandmother, and the district court confirmed the child "should remain in the custody of his maternal grandmother." The mother was granted additional time to reunify with the child. The court later determined that the mother did not make "sufficient progress during the extension to have the child returned to" her custody.

The State filed a petition to terminate the mother's parental rights. The district court granted the petition pursuant to Iowa Code section 232.116(1)(e) (requiring proof of several elements, including proof the parents have not maintained significant and meaningful contact with the child), (h) (requiring proof of several elements, including proof the child cannot be returned to parental custody), and (*l*) (requiring proof of several elements including proof the parent's

prognosis indicates that the child will not be able to be returned to the custody of the parent within a reasonable period of time) (2021).[1]

On appeal, the mother does not challenge the court's conclusion that the State proved the cited grounds for termination. She simply contends the court "should have chosen to place the child in a relative guardianship" in lieu of terminating her parental rights. *See* Iowa Code § 232.116(3)(a) (stating a court "need not terminate the relationship between the parent and child if the court finds . . . [a] relative has legal custody of the child"); *see also id.* § 232.104(2)(d)(1) (allowing transfer of guardianship to a suitable person in lieu of termination).

According to the department, the mother "continued [her] use of methamphetamine and amphetamines" despite the offer of services to address her addiction. Indeed, she admitted to methamphetamine use less than two months before the termination hearing and declined a drug test the following month. She did not participate in parenting services for at least two months and refused to disclose where she was living. At the time of the termination hearing, the department reported the child had been out of her custody "for eighteen months and 26 days."

Meanwhile, the child was thriving in his grandmother's care. According to the department's social worker case manager, he fit into her home "incredibly well" and was "playful," "boisterous," and "noisy."

Guardianship with a relative in lieu of termination is less appropriate with a young child where the guardianship could remain in place until the child becomes

---

[1] The child's father consented to termination of his parental rights.

an adult. *See In re A.S.*, 906 N.W.2d 467, 478 (Iowa 2018). Given the mother's setbacks and the grandmother's willingness to adopt the child, the district court appropriately declined to invoke the permissive exception.

On our de novo review, we affirm the termination of the mother's parental rights to the child.

**AFFIRMED.**